CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 15 2008

JOHN F. CORCORAN, CLERK
BY:
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ADRIAN MENDOZA SANCHEZ, ) | |
| ) | Civil Action No. 7:07CV00432 |
| Petitioner, ) | Criminal Action No. 5:05CR00038 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| UNITED STATES OF AMERICA, ) | By: Hon. Glen E. Conrad |
| ) | United States District Judge |
| Respondent. ) | |

Petitioner, Adrian Mendoza Sanchez, a federal inmate proceeding pro se, filed this motion under 28 U.S.C. § 2255 challenging the sentence that he received for conspiring to distribute 500 grams or more of a mixture or substance containing methamphetamine. Sanchez raises several claims of ineffective assistance of counsel in the instant motion, including a claim that counsel failed to file a direct appeal despite being requested to do so. The case is presently before the court on respondent's motion to dismiss, in which respondent argues, in part, that all of Sanchez's claims are time-barred. On the existing record, the court is unable to determine whether the claim that counsel failed to file a requested appeal is untimely under § 2255, para. 6, or whether the circumstances warrant equitable tolling. Accordingly, the court will refer the matter to a magistrate judge for an evidentiary hearing.

## Background

On September 7, 2005, Sanchez and three other defendants were charged in a three-count indictment returned by a grand jury in the Western District of Virginia. Count One charged Sanchez with conspiring to distribute 500 grams or more of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 846.

On February 9, 2006, Sanchez pled guilty to Count One of the indictment, pursuant to a written plea agreement. He was ultimately sentenced to a total term of imprisonment of 147 months. Sanchez's judgment of conviction was entered on May 5, 2006. He did not appeal his conviction or sentence.

Sanchez executed the instant § 2255 motion on August 31, 2007. The motion raises six claims. In his first claim, Sanchez alleges that his attorney failed to file a direct appeal despite being requested to do so. Sanchez recognizes that he filed the § 2255 motion more than one year after his judgment of conviction became final. However, Sanchez contends that "he would ha[ve] filed a timely motion," had he "known that defense counsel did not file[] his requested appeal." (Pet.'s Mot. at 5).

On November 24, 2007, respondent moved to dismiss the § 2255 motion. Respondent argues, in part, that petitioner's claims are untimely.

## Discussion

Section 2255 has a one-year period of limitation. This period begins to run from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

2

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255, para. 6.

The United States Court of Appeals for the Fourth Circuit has held that the one-year period of limitation set forth in § 2255 is subject to equitable tolling. United States v. Prescott, 221 F.3d 686, 688 (4th Cir. 2000). Equitable tolling is warranted when "an otherwise time-barred petitioner . . . present[s] '(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.'" United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003)).

Having reviewed the existing record, the court is unable to determine whether Sanchez's first claim is time-barred. The court recognizes that the claim is clearly untimely under § 2255, para. 6, subsection (1), since it was not filed within one year of the date on which Sanchez's judgment of conviction became final,[1] and Sanchez has not alleged any facts to support the court's reliance on subsections (2) or (3). However, his first claim may be timely under subsection (4), if Sanchez, indeed, requested counsel to file a direct appeal, and Sanchez could not have discovered counsel's failure to file an appeal, through the exercise of due diligence, until sometime within a year of the date on which his § 2255 motion was filed. Because neither of these issues can be resolved on the

---

[1] Since Sanchez did not appeal his conviction or sentence, the judgment became final on May 19, 2006, the date on which his time to appeal expired. See Clay v. United States, 537 U.S. 522, 532 (2003); Fed. R. App. P. 4(b) and 26(a).

3

existing record, the court will refer the matter to a magistrate judge for an evidentiary hearing on the timeliness of Sanchez's first claim.[2]

## Conclusion

For the foregoing reasons, this case will be referred to the Honorable B. Waugh Crigler, United States Magistrate Judge for the Western District of Virginia, for an evidentiary hearing on the timeliness of petitioner's claim that counsel failed to file a direct appeal despite being requested to do so.

The Clerk is directed to send a certified copy of this memorandum opinion and the accompanying order to petitioner, counsel of record for respondent, and Judge Crigler.

ENTER: This 15th day of January, 2008.

                                              /s/ Glen E. Conrad
                                              United States District Judge

---

[2] The court notes that because Sanchez will receive another opportunity to file a direct appeal if the court ultimately rules in his favor on the merits of his first claim, the court will reserve ruling on the government's motion to dismiss as to Sanchez's other claims. See United States v. Killian, 22 Fed. Appx. 300, 301 (4th Cir. 2001) (instructing that when a district court grants a § 2255 motion due to counsel's failure to file a direct appeal, the district court should not address the merits of the petitioner's remaining claims, but instead dismiss those claims without prejudice).

4